## McDOWELL et als. v. JACOBS et als.

Where thirteen persons made a joint and several promissory note, payable to three of their number, and all joined in the execution of a mortgage to secure the payment of the note, (the plaintiffs being both payors and payees in the note, mortgagors and mortgagees in the mortgage,) and, subsequently, the payees of the note brought suit against the other makers, and for a foreclosure of the mortgage : *Held*, that the suit was properly brought, and plaintiffs were entitled to a judgment of foreclosure.

The note and mortgage executed by the whole of the associates in this joint enterprise, to three of them, is equivalent to a note and mortgage executed by the defendants to the plaintiffs for an amount less by the proportion of the number of the plaintiffs to the defendants—that is, to three-thirteenths of the sum—and may be enforced in like manner as if so executed.

APPEAL from the District Court of the Fifth Judicial District, County of Calaveras.

This action was instituted by N. S. McDowell, J. W. Collier, and C. J. Collier, against E. O. Jacobs, Aug. Walbaum, Samuel Hasking, L. E. Weeks, George A. Emery, N. J. Sly, Wm. Bachelder, J. J. Emery, Elias Dearborn, and Daniel Carsner, on two several promissory notes, secured by mortgage; the notes and mortgage are set out in full in the complaint.

The first note is as follows :

"$2500.—For value received of N. S. McDowell, J. W. Collier,

and C. J. Collier, we jointly and severally promise to pay them, or their order, the sum of twenty-five hundred dollars, in six months from date, with interest at the rate of three per cent. per month—interest payable monthly.

(Signed)

"C. J. COLLIER,
"E. D. JACOBS,
"G. A. EMERY,
"AUG. WAULBAUM,
"N. J. SLY,
(By his Attorney, G. A. Emery,)
"J. W. COLLIER,
"SAMUEL HASKING,
"WM. BACHELDER,
"N. S. McDOWELL,
(By his Attorney, C. J. Collier,)
"L. E. WEEKS,
"J. J. EMERY,
"ELIAS DEARBORN,
"DANIEL CARSNER."

The other note is in the same form and amount, payable to the same parties, twelve months from date, and signed by the. same parties. The mortgage was also executed by the same parties. The complaint is in the usual form, and prays for judgment on the notes, and a decree of foreclosure of the mortgaged premises.

The defendants demurred to the complaint, and assigned as grounds of demurrer the following:

"That the plaintiffs are makers of the said promissory notes, and the mortgage in suit, and have not the legal capacity to sue upon the same. That the plaintiffs are both original makers and payees of said notes and mortgage, and have no right to maintain action against defendants thereupon. That said complaint shows the plaintiffs jointly and severally liable with defendants, and that if they had any right to maintain action thereon, it would only be for continuation, for which said complaint does not pray. That it is brought to foreclose a mortgage upon property, of which plaintiffs are shown to be mortgagors and mortgagees in the same mortgage-deed—the owners of property upon which they seek to foreclose mortgage. That the complaint shows a misjoinder of parties plaintiff, and a misjoinder of parties defendant. That the complaint does not show the plaintiffs entitled to the relief and judgment therein prayed for. That the complaint shows this Court to have no jurisdiction over the subject-matter of this action in the form of action brought by plaintiffs. That the complaint does not contain a statement of facts and allegations sufficient to constitute a cause of action, in any respect, as against these defendants."

The Court overruled the demurrer, and gave judgment for plaintiffs. Defendants' counsel excepted, and appealed to this Court.

*S. W. Brockway, and Robinson and Beatty*, for Appellants.

1. The Court erred in overruling and disallowing the demurrer of the defendants to plaintiffs' complaint.

2. The Court erred in rendering judgment for the plaintiffs for the sum of $3977 15, and in decreeing a foreclosure of the mortgage set forth in the plaintiffs' complaint.

3. The whole judgment is erroneous, and against law. See Bayley on Bills, 139, and note referred to; Chitty on Contracts, 226, marginal page; Bovill *v.* Hammond, B. & C., 149; Russell *v.* Ford, 2 Cal., 86; Stone *v.* Fouse, 3 Cal., 292.

*Heydenfeldt* for Respondents.

The judgment rendered was for a less amount than what was due the plaintiffs, according to their true equities.

The account to be taken was single and simple, and could be so easily done by the Court, that a referee was unnecessary. The account was taken, and justly taken.

All intendments must be made favorable to sustaining the judgment of the Court below.

Where the record shows that justice has been done upon the merits, the Court will not reverse for errors which do not mislead from a just result. Clayton *v.* West, 2 Cal., 381.

BALDWIN, J. delivered the opinion of the Court—TERRY, C. J., concurring.

We think the points taken by the appellants in this case can not be maintained. The note and mortgage executed by the whole of the associates in this joint enterprise, to three of them, the plaintiffs below, is equivalent, we think, to a note and mortgage executed by the defendants to the plaintiffs, for an amount less by the proportion of the number of plaintiffs to the defendants—that is, to three-thirteenths of the sum therein mentioned —and may be enforced in equity in like manner as if so executed. If any of the defendants prove insolvent, a right of contribution may be enforced by the defendants paying more than their share of the common debt, in the usual form, against the plaintiffs, for their proportion of the amount so due. As the case stands now, the plaintiffs have deducted—which is equivalent to paying—their proportion of the common debt, leaving the defendants to pay their proportion. There is no allegation of the insolvency of any of the defendants, and we have no reason to presume that they are not able to pay the balance that may remain after applying the proceeds of the mortgage. If we were to adopt the suggestion of the counsel for appellants, and direct

a several decree for the amounts due from the defendants, on the hypothesis that each was only liable for his respective share of the debt, the consequence would be that if some were unable to pay, the proportions would have again to be adjusted, and the whole matter would be thrown into confusion.

We have arrived at this result with some hesitation, and certainly the question is not free from difficulty; but we think, on the whole, that this is the most satisfactory mode of settling this controversy.

No account is necessary. This debt seems, from the record, to be the only matter between these parties, and we can not go out of the case to imagine other transactions, which would render the statement of an account necessary.

Decree affirmed.